Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MAGDA NARAH MARTÍNEZ SALAS | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Familia y Asuntos de Menores de Bayamón |
|---|---|---|
| Apelante | | |
| VÍCTOR GALÁN FUNDORA | KLAN202300690 | Caso Núm.: DDI2014-1238 |
| Apelado | | |
| Ex Parte | | Sobre: Divorcio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece la Sra. Magda Narah Martínez Salas (señora Martínez Salas o apelante) mediante un recurso de apelación para que revoquemos la *Orden* **notificada** el **21 de junio de 2023**,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Allí, se denegó la solicitud de retorno a la propiedad (en Estancias Reales) como designación de Hogar Seguro a favor del menor.[2] La determinación fue objeto de reconsideración, la cual fue declarada *No Ha Lugar* el **28 de junio de 2023**.[3] Además, la apelante nos solicita que revoquemos la *Orden* dictada el **28 de junio de 2023**,[4] en la cual, el TPI no acogió los planteamientos sobre carácter dual del pago de hipoteca y demás gastos de la propiedad de Estancias Reales.

---

[1] Emitida el 15 de junio de 2023.
[2] El menor es hijo de la apelante y el Sr. Víctor Galán Fundora.
[3] Notificada el 7 de julio de 2023.
[4] Notificada el 7 de julio de 2023.

Número Identificador
RES2023_____

Por los fundamentos que se exponen a continuación, resolvemos **desestimar** el presente recurso legal.

**-I-**

La señora Martínez Salas y el señor Víctor Galán Fundora (señor Galán Fundora o apelado) presentaron el **16 de marzo de 2014** una *PETICIÓN DE DIVORCIO POR CONSENTIMIENTO MUTUO*, debidamente juramentada.[5] Por lo cual, el **10 de abril de 2015**,[6] el TPI dictó *Sentencia* impartiendo la aprobación a todos los acuerdos sometidos por ambas partes.[7]

Ante el incumplimiento del señor Galán Fundora con los acuerdos, y la solicitud de desacato contra el apelado,[8] ambas partes sometieron el **17 de junio de 2016** unos acuerdos.[9] Entre otras cosas, el señor Galán Fundora reconoció su obligación con el pago de la hipoteca del inmueble. Aprobados los acuerdos, el TPI ordenó su cumplimiento el **20 de junio de 2016**.[10]

Luego de varias incidencias procesales, las partes presentaron el **2 de octubre de 2019** una *MOCI[Ó]N CONJUNTA INFORMANDO ACUERDO*.[11] En la referida moción, esbozaron todos los acuerdos relacionados a la pensión alimentaria del menor.

El **8 de octubre de 2019**,[12] el TPI dictó *Resolución* acogiendo los acuerdos de las partes.[13]

El **14 de noviembre de 2022**, el señor Galán Fundora presentó *URGENTE MOCIÓN EN SOLICITUD DE CRÉDITO POR RENUNCIA A HOGAR SEGURO Y PAGOS REALIZADOS EN UN CLARO ENRIQUECIMIENTO INJUSTO A FAVOR DE LA CO-PETICIONARIA Y EN ABUSO DEL BENEFICIO DE ALIMENTOS DEL MENOR Y*

---

[5] Apéndice 9 de la *Apelación*, págs. 21 – 31.
[6] Notificada el 15 de abril de 2015.
[7] Apéndice 10 de la *Apelación*, págs. 32 – 41.
[8] Apéndice 12 de la *Apelación*, págs. 43 – 51.
[9] Apéndice 13 de la *Apelación*, págs. 52 – 53.
[10] Notificada el 23 de junio de 2016.; Apéndice 14 de la *Apelación*, pág. 54.
[11] Apéndice. 20 de la *Apelación*, págs. 62 – 66.
[12] Notificada el 11 de octubre de 2019.
[13] Apéndice 21 de la *Apelación*, págs. 67 – 70.

*SOLICITUD MODIFICACIÓN DE PENSIÓN ALIMENTARIA.*[14] En síntesis, arguyó que se había designado la propiedad de Estancias Reales como hogar seguro del menor, sin embargo, advino en conocimiento del arrendamiento de dicha propiedad a un tercero. Alegó que hubo un enriquecimiento injusto por la señora Martínez Salas, ya que el apelado había pagado la hipoteca y los gastos de mantenimientos de la propiedad mientras un tercero disfrutaba la misma en calidad de arrendatario.

En contraposición, el **17 de enero de 2023** la señora Martínez Salas sometió *URGENTE MOCIÓN EN SOLICITUD DE CRÉDITO POR RENUNCIA A HOGAR SEGURO.*[15] Adujo, que se vio obligada a abandonar la propiedad de Estancias Reales, toda vez que no tenía los recursos económicos para satisfacer las reparaciones de dicha propiedad. Además, alegó que su domicilio y el de su hijo es en Estancias Reales, donde tenía la intención de regresar. Adujo, que el señor Galán Fundora no tiene derecho a reclamar crédito alguno.

De otro lado, el **22 de enero de 2023** el señor Galán Fundora presentó *MOCIÓN SOLICITANDO ORDEN SOBRE CUMPLIMIENTO CON LA SENTENCIA DE DIVORCIO.* En síntesis, solicitó que se ordenara a la señora Martínez Salas a relevarlo del préstamo hipotecario de la propiedad.[16]

El **1 de febrero de 2023**,[17] el TPI declaró *Con Lugar* la *MOCIÓN SOLICITANDO ORDEN...* presentada por el apelado y ordenó a la señora Martínez Salas a realizar las gestiones pertinentes al traspaso de la propiedad a su favor.[18]

No obstante, el **23 de febrero de 2023** la apelante presentó *MOCIÓN DE RECONSIDERACIÓN Y/O ACLARACIÓN.*[19] Alegó, que la

---

[14] Apéndice 23 de la *Apelación*, págs. 72 – 74.
[15] Apéndice 32 de la *Apelación*, págs. 90 – 107.
[16] Apéndice 30 de la *Apelación*, págs. 88 – 89. Aunque la referida moción tiene año de 2022, lo correcto es 2023.
[17] Notificada el 8 de febrero de 2023.
[18] Apéndice 38 de la *Apelación*, pág. 116.
[19] Apéndice 40 de la *Apelación*, págs. 118 – 119.

propiedad de Estancias Reales está inscrita a su nombre en el Registro de la Propiedad, y lo que aparece a nombre del señor Galán Fundora es el préstamo hipotecario, según lo habían acordado ambas partes.

Ante este escenario, el TPI reconsideró su dictamen, y ordenó al señor Galán Fundora a continuar pagando la hipoteca.[20]

Por otra parte, el **11 de abril de 2023** la señora Martínez Salas informó, que el señor tenía una deuda de pensión alimentaria de $16,250.00.[21] De su parte, el apelado solicitó el **13 de abril de 2023** revisión de la pensión alimentaria por haber transcurrido el término legal.[22]

El **24 de abril de 2023**,[23] el TPI *refirió el caso a la Examinadora de Pensiones Alimentarias* (EPA).[24] En la misma fecha, dictó varias resoluciones;[25] no obstante, en lo pertinente al reclamo del pago de la hipoteca,[26] determinó que al abandonar la apelante y el menor la propiedad, las características de hogar seguro dejaron de existir. Además, reconoció un crédito de $41,039.98 al apelado, por el periodo que pagó la hipoteca mientras la propiedad fue arrendada a un tercero. Por otro lado, expresó, que le correspondía a la entidad bancaria cualificar a la apelante y relevarla de la presente obligación hipotecaria, por lo que le ordenó a la señora Martínez Salas realizar las gestiones correspondientes.

El **10 de mayo de 2023** la señora Martínez Salas presentó *MOCIÓN DE RECONSIDERACIÓN*.[27] Solicitó, la imposición de honorarios en aquellos dictámenes que prevaleció.[28] Entre sus

---

[20] Apéndice 44 de la *Apelación*, pág. 126.
[21] Apéndice 54 de la *Apelación*, págs. 141 – 142.
[22] Apéndice 57 de la *Apelación*, pág. 161.
[23] Notificada el 26 de abril de 2023.
[24] Apéndice 58 de la *Apelación*, pág. 162.
[25] Notificada el 26 de abril de 2023. La apelante nos señaló que dos (2) de las tres (3) resoluciones tienen un error en el año, ya que debe ser 2023 no 2022.
[26] Apéndice 59 de la *Apelación*, págs. 163 – 176.
[27] Apéndice 66 de la *Apelación*, págs. 186 – 190.
[28] Del aludido dictamen, el 30 de mayo de 2023 recurrió a este foro apelativo mediante el recurso *KLCE202300805*.

alegaciones, mencionó, la <u>dualidad</u> existente entre el pago de hipoteca y demás gastos según los acuerdos suscritos y aprobados por el TPI.

Evaluada la reconsideración, el **8 de mayo de 2023**,[29] el TPI le impuso al apelado la suma de $5,000.00 en concepto de honorarios de abogado; y denegó reconsiderar, la eliminación de hogar seguro.[30]

Así, las cosas, el **13 de junio de 2023** la señora Martínez Salas presentó *MOCIÓN SOBRE RETORNO A PROPIEDAD DE ESTANCIAS REALES Y SE DESIGNE COMO HOGAR SEGURO.* Allí, informó sobre su retorno a la propiedad de Estancias Reales, y solicitó la restitución del carácter de hogar seguro. Además, requirió que se ordenará al apelado a cumplir con el pago de la pensión alimentaria.[31]

Examinada la moción antes dicha, el **21 junio de 2023** el TPI notificó lo siguiente: ***NO HA LUGAR.* El caso fue referido a la Examinadora de Pensiones y la vivienda es uno de los conceptos que se tomarán en consideración en la revisión**.[32]

Varios incidentes procesales después, la señora Martínez Salas presentó *MOCIÓN SOLICITANDO RECONSIDERACIÓN.*[33] Alegó, que el referido al EPA es independiente a la designación de la propiedad de Estancias Reales como hogar seguro del menor. Adujo, en la afirmativa la <u>dualidad</u> de los acuerdos entre las partes sobre el pago de la hipoteca y gastos relacionados a la vivienda de Estancias Reales y la pensión alimentaria.

El **28 de junio de 2023** el TPI declaró NO HA LUGAR a la moción de reconsideración antes indicada.[34] Además, mediante la

---

[29] Notificada el 12 de mayo de 2023.
[30] Apéndice 71 de la Apelación, pág. 201.
[31] Apéndice 75 de la *Apelación*, págs. 209 – 211.
[32] Apéndice 80 de la *Apelación*, pág. 221.
[33] Apéndice 82 de la *Apelación*, págs. 223 – 229.
[34] Notificada el 7 de julio de 2023.; Ap. 83 de la *Apelación,* pág. 230.

resolución y orden, el mismo **28 de junio de 2023** el TPI resolvió varios asuntos;[35] entre ellos, les ordenó a las partes a reunirse para delimitar los gastos de la pensión alimentaria que no se hubiesen cubiertos y aquellos que hayan sido pagados.

El **13 de julio de 2023** la señora Martínez Salas presentó *MOCIÓN SOLICITANDO ACLARACIÓN SOBRE ORDEN*,[36] a la denegatoria de la solicitud de reconsideración. Adujo, que el TPI no estableció a cuáles de los asuntos o conceptos invocados como dualidad se refería, en cuanto a los pagos de hipoteca y concepto relacionados. Reiteró que del expediente no surgía que el foro primario se haya expresado al respecto.

Sin que el TPI se expresara, el **7 de agosto de 2023** la señora Martínez Salas recurrió ante nos y señaló los siguientes errores:

1. *ERRÓ EL TPI AL REFERIR AL EXAMINADOR DE PENSIONES ALIMENTARIAS LA REVISIÓN DE LA PENSIÓN ALIMENTARIA DEL MENOR INCLUYENDO EL CONCEPTO DE VIVIENDA DE ESTANCIAS REALES CUANDO EXISTE ESTIPULACIÓN ENTRE LAS PARTES COMO LIQUIDACIÓN PARTICIPACIÓN DE LA APELANTE Y COMO OBLIGACIÓN ALIMENTARIA ASUMIDA POR EL APELADO A SABIENDAS DE CONOCER QUE VIGENCIA EXCEDÍA EL TERMINO DE TRES AÑOS QUE DISPONE LA LEY PARA SU REVISIÓN.*
2. *ERRÓ EL TPI AL ACCEDER A LA REVISIÓN DEL CONCEPTO DE HIPOTECA ANTE EL EPA CUYA ACTUACIÓN DEL APELADO ES EN CONTRA DE SUS PROPIOS ACTOS Y SER COSA JUZGADA.*
3. *ERRÓ EL TPI AL REMITIR AL EPA EL CONCEPTO DE VIVIENDA POR HABERSE PERDIDO LA CONDICIÓN DE HOGAR SEGURO CUANDO LA APELADA "ABANDONÓ" LA PROPIEDAD DE ESTANCIAS REALES Y LA ALQUILO A UN TERCERO.*
4. *ERRÓ EL TPI AL NO RECONOCER LA DUALIDAD DE LA OBLIGACIÓN DE APELADO DEL PAGO DE HIPOTECA Y GASTOS RELACIONADOS A LA VIVIENDA, COMO PARTICIPACIÓN DE LA APELANTE EN LA LIQUIDACIÓN DE LA SOCIEDAD DE GANANCIALES COMPUESTA POR LAS PARTES Y LA OBLIGACIÓN ALIMENTARIA PARA SU HIJO MENOR DE EDAD.*
5. *ERRÓ EL TPI AL PERMITIR Y CONDONAR AL APELADO ACTUAR EN CONTRA DE LA DOCTRINA DE BUENA FE CUANDO CREÓ LA APARIENCIA DE PAGO DE OBLIGACIONES DE LIQUIDACIÓN Y PENSIÓN ALIMENTARIA PARA RETRACTARSE DE ELLO CON POSTERIORIDAD.*

---

[35] Apéndice 84 de la *Apelación*, págs. 231 - 232.
[36] Apéndice 87 de la *Apelación*, pág. 235.

Luego de varios incidentes procesales, el **13 de septiembre de 2023** el señor Galán Fundora presentó *MOCIÓN EN SOLICITUD DE DESESTIMACIÓN DE RECURSO POR FALTA DE JURISDICCIÓN*. En síntesis, adujo que el recurso de apelación era tardío, ya que advino final y firme la resolución del **24 de abril de 2023**,[37] en la que el TPI refirió el caso a la Examinadora de Pensiones Alimentarias (EPA),[38] y las resoluciones;[39] dejando sin efecto el hogar seguro y el reclamo del pago de la hipoteca.[40]

**-II-**

Es norma reiterada en nuestro ordenamiento, que: *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[41]

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[42] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[43]

En ese sentido, la Regla 83 del Reglamento del Tribunal de Apelaciones nos faculta para desestimar un recurso por cualquiera de las instancias allí dispuestas, la cual reseñamos a continuación, en lo pertinente:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
> > *(1) que el Tribunal de Apelaciones carece de jurisdicción.*
> > *[. . .]*
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto*

---

[37] Notificada el 26 de abril de 2023.
[38] Apéndice 58 de la *Apelación*, pág. 162.
[39] Notificada el 26 de abril de 2023. La apelante nos señaló que dos (2) de las tres (3) resoluciones tienen un error en el año, ya que debe ser 2023 no 2022.
[40] Apéndice 59 de la *Apelación*, págs. 163 – 176.
[41] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[42] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[43] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

*discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[44]

Nuestro Alto Foro Judicial ha indicado: *"[H]emos señalado, y hoy reiteramos, <u>que las disposiciones reglamentarias sobre los recursos que se presentarán ante el Tribunal de Apelaciones se deben observar **rigurosamente**.</u>"*[45] En fin, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo**.[46]

Un recurso tardío, al igual que uno **prematuro**, "*adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, **por lo que debe ser desestimado**.[47] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[48]

**-III-**

Este tribunal carece de jurisdicción para atender el recurso de apelación por prematuro.

La controversia planteada en la apelación está vinculada con los asuntos referidos a la EPA, específicamente los referentes a la propiedad de Estancias Reales y la pensión alimentaria del menor. Según surge del expediente, el señor Galán Fundora solicitó una revisión de la pensión, por lo que el **24 de abril de 2023** el TPI refirió a la EPA.[49]

---

[44] *Reglamento del Tribunal de Apelaciones*, 4 LPRA Ap. XXII-B, R. 83.
[45] *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011) citando *Arriaga v. FSE* 145 DPR 122, 129-130 (1998). *Véase, además, Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). *Énfasis nuestro.*
[46] *Id. Énfasis nuestro.*
[47] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).; *SLG Szendrey-Ramos v. F. Castillo, supra*, pág. 883.
[48] *Id.*
[49] *Véase,* Apéndice 58 de la *Apelación,* pág. 162.

Ante la *MOCIÓN SOBRE RETORNO A PROPIEDAD DE ESTANCIAS REALES Y SE DESIGNE COMO HOGAR SEGURO*, el **21 junio de 2023** el TPI notificó la *Orden*: **"No ha lugar. El caso fue referido a la Examinadora de Pensiones y la vivienda es uno de los conceptos que se tomarán en consideración en la revisión."** En síntesis, le reiteró a la apelante que el caso había sido referido a la EPA y que la vivienda es uno de los asuntos a examinarse. En otras palabras, dicha controversia todavía no ha sido resuelta por la Examinadora. Más aún, tampoco el TPI resolvió la *MOCIÓN SOLICITANDO ACLARACIÓN SOBRE ORDEN*, a la denegatoria de la solicitud de reconsideración, presentada por la apelante el **13 de julio de 2023**, sobre carácter dual del pago de hipoteca y demás gastos de la propiedad de Estancias Reales.[50] Dicha moción está relacionado con lo que eventualmente la EPA y el TPI resolverán.

Por lo tanto, resulta forzoso concluir que nos vemos privados de jurisdicción para atender el recurso en sus méritos, toda vez que no hay una determinación final del TPI en cuanto a los asuntos en controversia. En consecuencia, procede la desestimación del presente recurso de apelación por prematuro.

**-IV-**

Por los fundamentos antes expresados, se **desestima** el presente recurso de apelación.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[50] La referida **moción aclaratoria** estaba dirigida a la resolución de *No Ha Lugar* del **28 de junio de 2023** que atendió la **moción de reconsideración** presentada por la apelante ante la **notificación del 21 junio de 2023** que la declaró *No Ha Lugar* e hizo constar que **el caso fue referido a la EPA y la vivienda es uno de los conceptos a tomar en consideración**.